**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___3/25/2026___

---

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

EZ LYNK, SEZC; BRADLEY GINTZ; and
THOMAS WOOD,

      Defendants.

No. 1:21-cv-01986 (MKV)

---

### STIPULATION AND ~~[PROPOSED]~~ CONFIDENTIALITY ORDER

**WHEREAS** plaintiff the United States of America (the "Government") and defendants EZ Lynk, SEZC, Bradley Gintz, and Thomas Wood ("Defendants" and, together with the Government, the "Parties"), have sought or shall seek discovery from the other, and may seek discovery from non-Parties, in relation to this litigation (the "Action"); and

**WHEREAS**, the Parties request that this Court issue a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to protect the confidentiality of non-public and competitively sensitive information that they may need to disclose in connection with discovery in this Action;

**IT IS HEREBY ORDERED** that any person subject to this Order – including, without limitation, the Parties, their representatives, agents, experts, and consultants; all non-Parties providing discovery in this Action; and all other interested persons with actual or constructive notice of this Order – will adhere to the following terms:

## I.     Designation of Materials as Confidential

1.      This Order shall be applicable to and govern all depositions, documents, or electronically stored information exchanged between the Parties in formal discovery and/or from any non-Parties in response to requests for production, subpoenas, answers to interrogatories, responses to requests for admission, and other discovery taken pursuant to the Federal Rules of Civil Procedure, and any other information and materials furnished by a Party, directly or indirectly (including in connection with any mediation or settlement negotiations among the Parties), as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof, in connection with this Action (collectively, "Discovery Material") including Discovery Material that a Party or a non-Party in good faith believes comprises or reflects confidential and/or proprietary information which is not generally known and which normally would not be revealed to third parties or would cause others to maintain it in confidence, including, without limitation, proprietary, commercially sensitive, or otherwise confidential financial, business, trade secret, research, development, technical, strategic, and/or personal information.

2.      Discovery Material governed by this Order shall be used by persons who receive such material, including persons who do not directly receive materials from the producing person, solely for the purposes of the preparation, trial, and appeal of this Action, and solely to the extent reasonably necessary to accomplish the purpose for which disclosure is made, and shall not be used for any other purpose, except as provided in paragraphs 14-15 of this Order.

3.      The provisions of this Order shall become effective upon entry by the Court; however, all material produced and designated as "Confidential" before the Court enters this Order shall be subject to, and governed by, the provisions of this Order as though it had been entered by the Court before such designation.

4. Any Party to this litigation and any non-Party producing Discovery Material (the "Producing Person") shall have the right to designate as "Confidential," subject to this Order, any Discovery Material or portion of such Discovery Material that the Producing Person reasonably, and in good faith, believes contains:

a. non-public confidential research and competitively sensitive technical, marketing, financial, sales or other confidential business information;

b. sensitive non-public information concerning individuals or entities, including, but not limited to, social security numbers, home telephone numbers and addresses, tax returns, and medical, credit, or banking information;

c. information received in confidence, or pursuant to contractual non-disclosure obligations, from non-Parties;

d. non-public compensation information about the Producing Person's employees;

e. information related to the Producing Person's contractual relationships;

f. information that is subject, by law or by contract, to a legally protected right of privacy or confidentiality;

g. information that the Producing Person has in good faith been requested by another Party or non-Party to so designate on the grounds that such other Party or non-Party considers such material to contain information that is confidential or proprietary to such Party or non-Party;

h. information otherwise entitled to protection under Fed. R. Civ. P. 26(c)(1)(G); or

i. any other category of information this Court subsequently affords confidential status.

Such designated Discovery Material is referred to as "Confidential Discovery Material."

5.      Discovery Material that is otherwise available through alternative public means or information that is in the public domain shall not be deemed or considered to be Confidential Discovery Material under this Order.

6.      A non-Party from whom Discovery Material is sought by any Party may designate such materials as Confidential consistent with the terms of this Order. Under such circumstances, Discovery Material designated Confidential by any such non-Party is assigned the same protections as Discovery Material designated Confidential by a Party, and all duties applicable to a Party shall apply to such non-Party. All obligations applicable to a Party receiving Confidential Discovery Material from another Party shall apply to any Party receiving Confidential Discovery Material from a non-Party.

7.      With respect to the Confidential portion of any Discovery Material, other than deposition transcripts and exhibits, the person producing the Confidential Discovery Material may designate a portion as "Confidential" by stamping or otherwise clearly marking every such page as "Confidential" in a manner that will not interfere with legibility or audibility.

8.      Where marking every page of such material is not reasonably practicable, such as with certain native file documents, the Producing Person may designate material as Confidential by informing any receiving person in writing in a clear and conspicuous manner at the time of production of such material that such material is designated as Confidential and by including such designation in the production file name of the native file, for example, "ABC_00000001_CONFIDENTIAL.xlsx." Discovery Material not reduced to documentary form or that cannot be labeled in this manner shall be designated by the Producing Person in a reasonably equivalent way.

9.      A Party may seek to add Confidentiality designations to material produced by another Producing Person (whether a Party or non-Party) but only if the material contains

4

information that is Confidential Information pursuant to paragraph 4 and that originated with the Party seeking to add the designation.  The Party seeking to add the designation shall notify both the Producing Person and all other Parties of the claim of confidentiality, and within 45 days of the date of this notification,  will either re-produce the materials with the Confidential designations in accordance with the procedures set forth above, or authorize another Party or non-Party to do so on its behalf if that Party or non-Party agrees, and the Parties will deem the re-produced versions to have replaced the original versions and be the only versions used in this Action.  For the avoidance of doubt, nothing in this paragraph or the Order limits any right of the Producing Person to make use of materials he, she, or it possesses outside of the context of this litigation and a failure to contest the added Confidential designation does not constitute an admission by any Party that such material is subject to any legal limitations on disclosure or use outside the context of this litigation.

10.    Any Producing Person who requests additional limits on disclosure (such as "attorneys' eyes only" in appropriate circumstances) may, at any time before the trial of this Action, serve upon counsel for the Parties receiving the at-issue information a written notice stating with particularity the grounds of the request. If the Parties (and any involved non-Parties) cannot reach agreement promptly, counsel will address their dispute to this Court in accordance with Local Civil Rule 37.2 and Section 3(D) of this Court's Individual Rules of Practice in Civil Cases.

11.    A Producing Person may designate deposition exhibits or portions of deposition transcripts as Confidential either by: (a) indicating on the record during the deposition that a question calls for Confidential Discovery Material, in which case the reporter shall mark the question and response as "Confidential"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after the reporter has made available the transcript of the deposition, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all

5

counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the designating person. During the 30-day period following availability of the deposition transcript, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

## II.    Limitations on Disclosure

12.    Absent a waiver of confidential protection by the Producing Person, order of this Court, or as otherwise required by law, no person subject to this Order, other than the person producing the Discovery Material, may disclose any Confidential Discovery Material except to the following persons:

a.  attorneys of record in this Action, other outside counsel to the Parties, relevant in-house counsel for the Parties, and employees or agents of such attorneys, including secretarial staff, paralegals, and duplicating and data processing personnel who are employed by such counsel and assisting with this matter;

b.  outside experts or consultants (and their respective direct support personnel) retained by a Party or a Party's counsel in connection with this Action (hereinafter, "Qualified Persons"), provided such Qualified Persons have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

c.  the Court and any appellate court and court personnel;

d.  mediators and arbitrators and their staff, as engaged by the Parties or appointed by the Court;

e.  actual or potential witnesses or deponents, and their counsel, but only where a party's counsel in good faith believes that the Confidential Discovery Material may be reasonably related to the anticipated subject matter of potential testimony; provided, however, that such material can be shared with such person only for

purposes of gathering information concerning potential testimony, preparation of testimony, the giving of testimony, or the review and correction of a transcript of testimony in this case, whether at a trial, hearing, or deposition, but the Confidential Discovery Material may not be retained by the witness or prospective witness, except that a deponent may retain a copy of the transcript of his or her testimony (but not any Confidential Discovery Material used as exhibits). Before Confidential Discovery Material is disclosed for this purpose, each such person must be provided with this Order and must agree to be bound by this Order by signing a document substantially in the form of Exhibit A; provided that (1) if a non-party deponent refuses to sign Exhibit A, the deponent must be advised of his or her obligations of non-disclosure under the terms of this Order on the record before any Confidential Discovery Material is disclosed to that deponent; and (2) if a party desires to disclose Confidential Discovery Material outside a deposition or court proceeding to a witness or prospective witness who refuses to sign Exhibit A, then the party desiring to disclose the Confidential Discovery Material may seek appropriate relief from the Court but may not disclose the Confidential Discovery Material unless and until the Court establishes the terms for such disclosure, with such relief to be determined on an expedited basis as circumstances warrant. Notwithstanding that, all witnesses, prospective witnesses, deponents, and their counsel will be bound by all of the provisions of this Order; and

f.   any person who created, sent, or received the Confidential Discovery Material and any person who had access to such material while employed by the Producing Person;

g.  litigation support and electronic discovery vendors, temporary attorneys, copy services, data entry, and computer support services retained by or for the Parties to assist in preparing for pretrial discovery, trial, and/or hearings, including, but not limited to: litigation support personnel; jury consultants; individuals to prepare demonstrative and audiovisual aids for use in the courtroom, depositions, or mock jury sessions, as well as their staff, and stenographic and clerical employees whose duties and responsibilities require access to Confidential Discovery Material;

h.  the Parties, including, in the case of Parties that are corporations, other business entities, or government agencies, those executives, officials, or other personnel who participate in decisions concerning this Action; and

i.  insurance carriers, or their representatives or counsel, whose insurance coverage is implicated by or who are paying defense costs associated with this Action, provided such carriers or their representatives or counsel have signed a non-disclosure agreement in the form attached hereto as Exhibit A.

13.    Nothing in this Order shall prevent a Producing Person from using its own Confidential Discovery Material in any way the Producing Person chooses. Notwithstanding a designation of Confidential, Discovery Material may be shown to a person the Parties reasonably believe would have seen or been aware of the material previously.

14.    Nothing in this Order shall prevent or in any way limit or impair the right of the Government to disclose to any agency or department of the United States, or any division of any such agency or department, Confidential Discovery Material relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction, nor shall anything contained in this Order prevent or in any way limit or impair the use of any such Confidential

8

Discovery Material by an agency in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction.

15.     Nothing in this Order shall prevent or in any way limit or impair the right of the Government to provide Confidential Discovery Material to the United States Congress pursuant to a request by a House, committee, or member of the U.S. Congress; provided, however, that the Government shall notify the requester that the documents that the Confidential Discovery Material has been produced pursuant to this Order and shall, if there are no objections interposed by the requester the documents, use reasonable efforts to notify the Producing Party or nonparty of the request and the Government's response thereto before providing the requester with Confidential Discovery Material .

### III.     Challenges to Confidential Designations

16.     In the event that counsel for a Party desires to disclose any Confidential Discovery Material to any person not contemplated in Paragraphs 12, that counsel shall make a request to counsel for the Producing Person in writing or on the record in a deposition or proceeding before the Court, and shall attempt to reach agreement regarding such disclosure. If agreement cannot be reached, the Party seeking to make the disclosure of the Confidential Discovery Material may move the Court to rule as to whether such disclosure may be made and whether any restrictions or limitations should be placed on such disclosure. No disclosure shall be made unless and until such motion is decided in favor of the movant. Notwithstanding anything to the contrary in this Order, however, the Producing Person shall bear the burden of establishing the propriety of its designation of documents or information as Confidential.

17.     Any Party who objects to any designation of confidentiality may, at any time before trial, serve upon counsel for the Producing Person a written notice stating with particularity the grounds of the objection. If agreement cannot be reached, counsel will address their dispute to the

Court in accordance with Local Civil Rule 37.2 and Section 3(D) of this Court's Individual Rules of Practice in Civil Cases. Failure to object to a designation, unless after commencement of trial, shall not be treated as a waiver of the objection or acquiescence of the designation.

18.     The inadvertent or unintentional disclosure of Confidential Discovery Material that should have been designated as Confidential, regardless of whether the Discovery Material was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Producing Person's claim to confidentiality, either as to the specific information disclosed or as to any other Discovery Material concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by a written notification provided within a reasonable time to counsel for all Parties and non-Parties to whom the material was disclosed. Such notification shall constitute a designation of the Discovery Material as Confidential under this Order. A person who disclosed Discovery Material that is subsequently designated as Confidential shall in good faith assist the Producing Person in its efforts to retrieve such material from all recipients not entitled to receive such material under the terms of this Order and shall prevent further disclosures except as authorized under the terms of this Order.  Within 10 business days after receipt of the re-designated documents or materials, the receiving person shall certify in writing that it used reasonable efforts to ensure that all copies lacking the designation have been returned or, in the case of documents bearing notes or other interlineations reflecting the work product of counsel representing such receiving person, destroyed.

19.     Any Party may redact information from the documents and things it produces in this Action or withhold documents or information that the party claims in good faith is subject to the attorney-client privilege or any other legally applicable privilege, protection, or legal prohibition against disclosure and for each redaction or withholding must comply with Federal Rule of Civil Procedure 26(b)(5)(A) and Local Civil Rule 26.2.  The designating party shall

preserve an unredacted version of each redacted document.  The production of documents, electronically stored information, or other information that is subject to any privilege or to work-product protection whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502.  Copies of such produced privileged and/or protected document(s) will be returned to the Producing Person or destroyed immediately upon notice by the Producing Person and any information regarding the content of the document(s) will be deleted or destroyed, and may not be disclosed or used in this Action or for any other purpose subject to the last sentence of this paragraph. The Parties and any non-Party providing discovery to the Parties shall have the benefit of all limitations on waiver afforded by Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502. Any inadvertent disclosure of privileged information will not operate as a waiver in any other federal or state proceeding, and the Parties' agreement regarding the effect of inadvertent disclosure of privileged information will be binding on non-Parties.

### IV.  **Miscellaneous**

20.    To the extent that any Confidential Discovery Material needs to be submitted to the Court, it must be submitted in accordance with Section 9 of this Court's Individual Rules of Practice in Civil Cases.

21.    In the event additional parties join or are joined in this litigation, they shall not have access to Confidential Discovery Material until the newly joined party by its counsel has executed and filed with the Court its agreement to be fully bound by this Order.

22.    Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena, Freedom of Information Act ("FOIA") request, or other compulsory process, or if required to produce by law or by any

government agency having jurisdiction, provided that such Party gives written notice to the Producing Person as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Person will bear the burden to oppose compliance with the subpoena, FOIA request, or other compulsory process if the Producing Person deems it appropriate to do so.

23.   To the extent that a Producing Person has previously provided information to the U.S. Environmental Protection Agency ("EPA") under a claim of confidentiality under 40 C.F.R. part 2, subpart B, and such claim of confidentiality has not been denied by EPA pursuant to the process contained in subpart B, that Producing Person hereby consents pursuant to 40 C.F.R. § 2.209(f) to the disclosure of such information to the extent allowed for Confidential Discovery Material under this Protective Order, and such information shall be designed Confidential by the Government prior to disclosure in the manner provided herein.

24.   Each person who has access to Discovery Material designated as Confidential must take appropriate precautions to prevent the unauthorized or inadvertent disclosure of such material.

25.   Within 60 days of the final disposition of this Action – including all appeals – all recipients of Confidential Discovery Material must either return such material, including all copies, to the Producing Person or destroy such material, including all copies, and shall provide written certification of such return or destruction to the Producing Person; however, this provision does not apply to copies of Confidential Discovery Material disclosed pursuant to paragraphs 14-15 of this Order. To the extent any Discovery Material was provided by the receiving Party to third parties under the terms of this Order, the receiving person must similarly ensure and certify the return or destruction of that material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this Action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product,

even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order. For the avoidance of doubt, the attorneys that the Parties have specifically retained for this Action are not required to delete emails containing such Confidential Discovery material; however, persons other than the attorneys that the Parties have specifically retained for this Action are required to make a good faith effort to locate and delete emails containing such Confidential Discovery material from accessible email storage locations.

26.     Nothing in this Order shall preclude a Party from offering any material designated Confidential into evidence at the trial of this action or shall prejudice any Party's right to use Confidential Discovery Material in open court. The Parties reserve the right to seek a pretrial ruling from the Court regarding the treatment of specific Confidential Discovery Material at trial, and further reserve the right to oppose any such application.

27.     Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of his, her, or its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

28.     This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

29.     ~~This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.~~

SO STIPULATED AND AGREED.

Dated: March 10, 2026

JAY CLAYTON
United States Attorney
Southern District of New York

By: */s/ Jennifer Jude*
JENNIFER JUDE
HARRY K. FIDLER
MALLIKA BALACHANDRAN
Assistant United States Attorneys

*Attorneys for the Government*

Dated: March 10, 2026

*/s/ Brendan F. Quigley*

BAKER BOTTS L.L.P.
William H. Jeffress, Jr.
700 K Street, N.W.
Washington, DC 20001
Tel.: (202) 639-7751
Fax: (202) 585-1087
william.jeffress@bakerbotts.com

Brendan F. Quigley
30 Rockefeller Plaza
New York, NY 10112
Tele: (212) 408-2520
Fax: (212) 259-2520
brendan.quigley@bakerbotts.com

**BOURELLY, GEORGE + BRODEY PLLC**
Alex Bourelly
Andrew George
Bethany Labrinos
1050 30th Street NW
Washington, D.C. 20007
(202) 255-2357
(202) 341-8805

14

(845) 633-4240
alex.bourelly@bgblawyers.com
andrew.george@bgblawyers.com
bethany.labrinos@bgblawyers.com

*Attorneys for Defendants*

SO ORDERED.

Dated:  March 25, 2026
        New York, New York

_____
Hon. Mary Kay Vyskocil
United States District Judge

15

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA,

     Plaintiff,

       v.

EZ LYNK, SEZC; BRADLEY GINTZ; and
THOMAS WOOD,

     Defendants.

No. 1:21-cv-01986 (MKV)

---

### NON-DISCLOSURE AGREEMENT

I,_____, acknowledge that I have read and understand the

Protective Order entered in the above-captioned action governing the non-disclosure of those

portions of Discovery Material that have been designated as Confidential. I agree that I will not

disclose such Confidential Discovery Material to anyone other than for purposes of this litigation

and that at the conclusion of the litigation, I will return all discovery information to the Party or

attorney from whom I received it. By acknowledging these obligations under the Protective Order,

I understand that I am submitting myself to the jurisdiction of the United States District Court for

the Southern District of New York for the purpose of any issue or dispute arising hereunder and

that my willful violation of any term of the Protective Order could subject me to punishment for

contempt of Court.

_____

Print name:
Date:

16