May 5, 2026

Hon. Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

**Re:  *United States of America v. EZ Lynk, SEZC, et al.* (Case 1:21-cv-01986-MKV)**

Dear Judge Vyskocil:

Pursuant to Rule 3(D) of the Court's Individual Practices, Defendants EZ Lynk, Bradley Gintz, and Thomas Wood request an informal conference in advance of moving for a protective order under Rule 26(c) with respect to personally identifiable information ("PII") of users of EZ Lynk's products that the government is seeking both from Defendants and also from 12 third parties.[1]  The parties met and conferred in good faith on this matter on Tuesday, April 21, 2026, and were unable to resolve the dispute.  The parties' respective positions are presented below.

Defendants' Position

The government's subpoenas of third parties and discovery requests of Defendants seek broad swathes of PII for "all" EZ Lynk users.  For instance, the government is asking Apple and Google for documents identifying all users of the Auto Agent App and their purchase histories.[2]  Similarly, the government is asking Amazon and Walmart for the names, addresses, and phone numbers and a host of other information for everyone who ever purchased an Auto Agent.  The government is also asking EZ Lynk to produce names, addresses, and phone numbers for every EZ Lynk buyer or app user.  These requests for potentially hundreds of thousands of people's PII go well beyond the needs of this case and create serious privacy concerns.

Starting with the needs of the case, "[p]roportionality focuses on the marginal utility of the discovery sought." *Lam v. State St. Corp.*, 2025 WL 834885, at *3 (S.D.N.Y. Mar. 17, 2025) (citation omitted).  Courts are "encouraged to be more aggressive in identifying and discouraging discovery overuse by emphasizing the need to analyze proportionality before ordering production of relevant information." *Id.* (citation omitted).

Here, lists of EZ Lynk users' PII are of low marginal utility.  To recap, the government alleges that the EZ Lynk System is a "defeat device" and that Defendants violated the Section 203(a)(3)(B) of the Clean Air Act by marketing and selling it.  Investigating this claim does not

---

[1]     The subpoenas were served on Apple, Google, Keltek (the company contracted to handle technical support for the EZ Lynk products), TechIt (a predecessor to KelTek), Kinect'd (a distributor), Premier Performance, LLC (a distributor), PPEI (a distributor), Kory Willis (owner of PPEI), Mercury (an EZ Lynk developer), Salvo (an EZ Lynk developer), Amazon, and Walmart.
[2]     We understand at least Apple and Google will be opposing these requests.

require identifying each person who has used the product. Certainly, the government is not going to call hundreds of thousands of potential witnesses, and it has no other proper need for their PII. *Cf. Schick v. Cintas Corp.*, 2020 U.S. Dist. LEXIS 66420, at *5-7 (D.N.J. Apr. 15, 2020) (protecting against the disclosure of Defendant's entire customer list where "it would not be proportionate or realistic for Plaintiff to serve a subpoena on every customer on the list"). Moreover, *even if* the government actually planned to call these hundreds of thousands of users, that itself would be of limited utility, because the legality of a tune would have to be evaluated on a case-by-case basis.[3]

In addition to the logistical impracticalities, the government's requests present significant privacy concerns. At a June 18, 2019 meeting, the government asked EZ Lynk to create what EZ Lynk understood to be a backdoor to the EZ Lynk System that would allow government monitoring of unsuspecting users (EZ Lynk was unwilling). Since then, the government has fixated on identifying EZ Lynk's users, and it has been unwilling to accept our proposals that user PII be redacted or anonymized. To the extent the government seeks to investigate EZ Lynk's users' compliance with the Clean Air Act, then that should be done using the proper channels (*e.g.*, through Stored Communications Act subpoenas or warrants). Furthermore, if the government were to use this information to contact individual users, that would send a message that using EZ Lynk will result in the DOJ knocking at your door, putting EZ Lynk at a severe competitive disadvantage before its liability has been adjudicated here.[4]

"The Second Circuit has held that the privacy interests of innocent third parties should weigh heavily in a court's decision as to whether to withhold confidential information." *Duffy v. Ill. Tool Works Inc.*, 2018 U.S. Dist. LEXIS 42859, at *16 (E.D.N.Y. Mar. 15, 2018). Accordingly, courts of this Circuit have limited similar requests due to overbreadth and privacy concerns. *See, e.g.*, *Twin Bridges Waste & Recycling*, *LLC v. Cty. Waste & Recycling Serv., Inc.*, 2022 U.S. Dist. LEXIS 182967 at *7 (N.D.N.Y. Oct. 6, 2022) (denying a motion to compel all of a party's customers' names and addresses, citing "the nature of the case, the competitive nature of the industry, *the customers' individualized privacy interests*, and the general requirements of Rule 1" (i.e., relevance), even though there was a protective order in place) (emphasis added); *Duffy*, 2018 U.S. Dist. LEXIS 42859, at *16 (E.D.N.Y. Mar. 15, 2018) (refusing to compel customer PII because "privacy interests of innocent third parties" outweighed their relevance). Here, too, EZ Lynk users' individualized privacy interests outweigh any marginal relevance of their PII.

---

[3]     For instance, though the Complaint lists "DEF delete tuning" as proscribed conduct (Compl. ¶ 63), EPA recently publicly stated that that conduct—the installation of tunes following the removal of a DEF sensor—is legal. U.S. EPA, *Guidance Letter: Quality Monitoring Using Alternate Sensor Technologies*, IACD-2026-05, at 2 (Mar. 26, 2026).

[4]     EZ Lynk has standing to prevent this harm, based on its relationship with the users of its products and the practical impossibility of these thousands of disaffiliated individuals to assert their own privacy interests. *Powers v. Ohio*, 499 U.S. 400, 410-11 (1991) (discussing rights of litigants to assert claims on behalf of third parties).

The Government's Position

The Government opposes Defendants' attempt to prevent it from obtaining information about EZ Lynk's users that is highly relevant to the government's case and not burdensome to produce. Defendants also overstate the privacy concerns at stake as customer information is routinely produced in enforcement cases and can be produced subject to the Confidentiality Order the Court entered for this case, which limits the use and disclosure of confidential information, *see* ECF No. 111. Further, while the exact contours of Defendants' motion are unclear, they lack standing to prevent third parties from producing information about those parties' customers.

The Government has sued Defendants under Section 203(a)(3)(B) of the Clean Air Act ("CAA"), which makes it illegal to manufacture, sell, or install a product if "a principal effect" of that product is to defeat emissions controls mandated by the CAA and its regulations. 42 U.S.C. § 7522(a)(3)(B); *see* ECF No. 1 ("Compl.") ¶¶ 91-100. In its decision on Defendants' motion to dismiss, this Court held that the Complaint adequately stated a Section 203 claim, including the "principal effect" element, by alleging that "EZ Lynk has enabled many thousands of drivers across the United States to use the EZ Lynk System to 'delete' emissions controls" from their vehicles. ECF No. 68 at 14. Without information about the identity of EZ Lynk System users, the Government will be prevented from interviewing relevant witnesses and will remove a key means of corroborating other evidence it has collected and is in the process of developing.[5] For example, the Complaint alleges that in hundreds of posts in the Facebook EZ Lynk Forum and on numerous other websites, purported users of the EZ Lynk System discuss using it to defeat emissions controls on their vehicles. Compl. ¶¶ 53-54, 64, 66-68, 71-72, 77; *see also id.* ¶¶ 73-76. Obtaining user information is critical for rebutting Defendants' attempts to undermine the veracity of these online posts.[6] Further, the Government has requested records of communications with EZ Lynk System users, including concerning technical support and customer assistance provided by EZ Lynk and its contractors, which may identify particular witnesses of interest—but not if Defendants redact their identifying information. In short, granting Defendants' request for a protective order would be highly prejudicial to the government by denying it access to an entire category of key witnesses.

The sole countervailing concern that Defendants have identified, the privacy interests of EZ Lynk System users, does not outweigh the relevance of this evidence. Second Circuit courts allow for the production of customer information when it is both relevant and proportional to the

---

[5] Defendants' assertion that individual customer witnesses are of limited value because "the legality of a tune would have to be evaluated on a case-by-case basis" is simply wrong: Witnesses' testimony about their use of the EZ Lynk System is directly relevant to how users use the product and thus the product's principal effect. This factual significance exists regardless of any legal analysis. Defendants' additional argument that certain recent EPA guidance authorizes DEF delete tuning, *supra* n.3, is also incorrect. That guidance does *not* authorize the removal of a DEF system or DEF delete tuning, and indeed relates only to certain strategies used by original equipment manufacturers rather than aftermarket vehicle products such as the EZ Lynk System.

[6] Defendants have served the government with multiple discovery requests seeking the information the government has collected about each online poster—including their names and contact information—and have made similar requests regarding technicians and delete tune creators. Accordingly, Defendants seek unequal discovery—requiring that user PII be produced when potentially beneficial for their defense but seeking to block the government from obtaining user PII to support the government's claims.

needs of the case, as it is here. *See, e.g.*, *See v. GEICO*, No. 21 Civ. 0547 (PKC) (JMW), 2026 WL 891603 (E.D.N.Y. Apr. 1, 2026) (allowing disclosure of "individual names, home addresses, and [vehicle identification numbers]" of non-parties where necessary to support plaintiff's assertions). The cases Defendants cite do not state otherwise. Defendants cite *Twin Bridges Waste & Recycling, LLC v. Cnty. Waste & Recycling Serv., Inc.* in support of their position, but in that case, the parties were competitors, and further, the court allowed for the production of customer addresses. No. 21 Civ. 263 (DNH) (DJS), 2022 WL 5240584, at *3 (N.D.N.Y. Oct. 6, 2022).[7]

Further, EZ Lynk System users have voluntarily turned their information over to third parties as a condition of using the EZ Lynk System pursuant to EZ Lynk's Terms of Use and Privacy Policy.[8] As such, they no longer have a cognizable privacy interest as to that information. *See Chevron Corp. v. Donziger*, No. 12–MC–80237 (CRB) (NC), 2013 WL 4536808, at *10 (N.D. Cal. Aug. 22, 2013) (no privacy interest in "the subscriber information, IP addresses, and IP logs associated with [non-party movants'] email accounts because 'a person has no legitimate expectation of privacy in information he voluntarily turns over to third parties.'") (quoting *Smith v. Maryland,* 442 U.S. 735, 744 (1979)); *see also Mirza v. Doe #1*, No. 20 Civ. 9877 (PGG) (SLC), 2021 WL 4596597, at *9 (S.D.N.Y. Oct. 6, 2021) ("Yelp users have implicitly agreed to the release of their personal data" if required per terms of Privacy Policy). Any remaining privacy concern can be remedied by producing PII subject to the Confidentiality Order, which limits the disclosure and use of the information. *See Donzinger*, 2013 WL 4536808, at *14.

Finally, Defendants lack standing to object to the production of information by third-party subpoena respondents. To do so a party must "assert some right or privilege personal to [them], such as an interest in proprietary, confidential information that would be disclosed or an interest in maintaining a privilege that would be breached by disclosure." *US Bank Nat. Ass'n v. PHL Variable Ins. Co.*, No. 12 Civ. 6811 (CM) (JCF), 2012 WL 5395249, at *2 (S.D.N.Y. Nov. 5, 2012); *see Israel v. Carpenter*, No. 95CIV2703DABJCF, 2002 WL 1424594, at *1 (S.D.N.Y. June 28, 2002) ("In the absence of a claim of privilege or proprietary interest, parties to an action may not generally object to a subpoena served on a non-party."). Because the production of customer information does not place at risk any personal right or privilege belonging to Defendants, they lack standing to object to the non-party subpoenas. *See Sabhnani v. Mirage Brands, LLC*, No. 22 Civ. 00936 JSJMW, 2023 WL 1451563, at *2 (E.D.N.Y. Feb. 1, 2023).

Dated: March 10, 2026

---

[7] Defendants assert that at a 2019 meeting (at which their current counsel were not present) the government asked EZ Lynk to create "a backdoor to the EZ Lynk System that would allow government monitoring of unsuspecting users." The government made no request for an inappropriate "backdoor," but has consistently sought customer information because of its substantial relevance to the government's claims against Defendants. Any implication that the government is seeking improper discovery to pursue claims against EZ Lynk System users is incorrect.

[8] *See* EZ Lynk, Terms of Use, *available at* https://cloud.ezlynk.com/termsandconditions (last visited Apr. 25, 2026) (requiring all users to agree to Privacy Policy); EZ Lynk, Privacy Policy, *available at* https://cloud.ezlynk.com/privacypolicy (last visited Apr. 25, 2026) (disclosing that EZ Lynk collects user data and "may share your Personal Information with others" including "to comply with a court order, law, or legal process, including to respond to any government or regulatory request").

Dated: May 5, 2026

*/s/ Brendan F. Quigley*

BAKER BOTTS L.L.P.
William H. Jeffress, Jr.
700 K Street, N.W.
Washington, DC 20001
Tel.: (202) 639-7751
Fax: (202) 585-1087
william.jeffress@bakerbotts.com

Brendan F. Quigley
Graeme M. Waples
30 Rockefeller Plaza
New York, NY 10112
Tele: (212) 408-2520
Fax: (212) 259-2520
brendan.quigley@bakerbotts.com
Graeme.waples@bakerbotts.com

**BOURELLY, GEORGE + BRODEY PLLC**
Alex Bourelly
Andrew George
Bethany Labrinos
1050 30th Street NW
Washington, D.C. 20007
(202) 255-2357
(202) 341-8805
(845) 633-4240
alex.bourelly@bgblawyers.com
andrew.george@bgblawyers.com
bethany.labrinos@bgblawyers.com

*Attorneys for Defendants*

JAY CLAYTON
United States Attorney
Southern District of New York

By: */s/ Jennifer Jude*
JENNIFER JUDE
MALLIKA BALACHANDRAN
Assistant United States Attorneys
86 Chambers Street, 3rd floor

5

New York, NY 10007
(212) 637-2800

*Attorneys for the Government*

6