UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITES STATES OF AMERICA,                           :
                                                    :
                              Plaintiff,            :            21-CV-1986 (MKV) (RWL)
                                                    :
              - against -                           :
                                                    :                    **ORDER**
EZ LYNK SEZC; PRESTIGE WORLDWIDE                     :
SEZC; THOMAS WOOD; and BRADLEY                       :
GINTZ,                                              :
                                                    :
                              Defendants.           :
------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

At the conference held via Microsoft Teams on June 18, 2026, the Court addressed two disputed issues:  (1) Defendants' request for a protective order against producing en masse account user data to the extent it includes PII (Dkt. 112), and (2) the Government's request to compel production of information sourced from the Cayman Islands (Dkts. 116, 124).  As discussed at the conference:

1.     Defendants' request for a protective order is GRANTED IN PART.  Defendants need not produce en masse user data that reveals account holders' personally identifying information ("PII").  The protective order does not extend to PII appearing in communications, reports, memoranda, and the like, although such information shall be subject to the confidentiality protective order already governing this case.  The Court's ruling is without prejudice to the Government's requesting PII (particularly name and contact information) for specific account holders, or groups of account holders (for example, high-volume users/technicians), based on anonymized data suggesting that disclosure of PII is warranted for those particular individuals or groups.

1

The limitations on PII of this ruling extends to en masse user information subpoenaed from Apple, Google, and the like, but does not extend to subpoenas to particular parties such as "contractors" like Keltech and Tech IT.

Defendants shall further investigate the extent to which it is feasible to produce reports of select information from their user data based on particular criteria (e.g., account holders in a particular geography, account holders whose uses exceed a particular volume, etc.), and, to the extent that Defendants cannot do so without assistance from a third-party provider, what cost would be entailed to obtain that assistance. By **July 2, 2026**, Defendants shall file an affidavit with the Court addressing that issue.

2.    The Government's request to compel production of Defendants' Cayman-based information is DENIED WITHOUT PREJUDICE. During the two-week period ending **July 2, 2026**, the parties shall meet and confer to narrow the extent of the dispute in light of the Court's ruling with respect to PII. If after completing the meet-and-confer process the parties do not reach an agreement as to how to proceed, the Government may file a motion to compel, in which case the parties shall meet and confer on a briefing schedule to submit to the Court.

The Clerk of Court is respectfully directed to terminate the letter motions at Dkts. 112 and 116.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: June 18, 2026
        New York, New York

2

Copies transmitted this date to all counsel of record.