**BAKER BOTTS** L.L.P.

30 ROCKEFELLER PLAZA
NEW YORK, NEW YORK
10112-4498

TEL  +1 212.408.2500
FAX  +1 212.408.2501
BakerBotts.com

AUSTIN
BRUSSELS
DALLAS
DUBAI
HOUSTON
LONDON

**NEW YORK**
PALO ALTO
RIYADH
SAN FRANCISCO
SINGAPORE
WASHINGTON

June 22, 2026

Brendan F. Quigley
TEL: 2124082520
FAX: 2122592520
brendan.quigley@bakerbotts.com

The Honorable Robert Lehrburger
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     *United States v. EZ Lynk et al.*, 21 Civ. 1986 (MKV) (RWL)

Dear Judge Lehrburger:

We represent the defendants in this case. We write regarding the government's refusal to provide a Rule 30(b)(6) witness on two central topics in its Complaint. We have met and conferred with the government on these issues, including via Microsoft Teams on May 18, 2026, but it has remained unwilling to provide a witness on these key matters

**Background and Procedural History**

The Complaint in this case alleges that the defendants violated the Clean Air Act, "by manufacturing and selling the ***EZ Lynk System,*** a product [allegedly] used by drivers to defeat emissions controls." Compl. ¶ 5 (emphasis added). The 32-page Complaint goes on to reference the "EZ Lynk System" over 100 times. The government's allegations define "EZ Lynk System" as consisting of three components—(i) the Auto Agent, a "scan tool" that allows a driver or mechanic to interface with a vehicle's onboard diagnostic, or "OBD," system, (ii) the EZ Lynk Cloud, a cloud service that allows remote connectivity between drivers and a "technician," and (iii) the Auto Agent App, a smartphone app that allows users to use the Auto Agent with their vehicle using their phone. Compl. ¶ 1.

The Complaint also alleges that the defendants provide "a free, cloud-based software program called the ***EZ Lynk ECU Profile Editor*** that enables [users] to create tunes," i.e. software, "for use with the EZ Lynk System, including tunes capable of deleting a vehicle's Emission-Related Elements of Design, such as fuel injection timing." Compl. ¶ 59 (emphasis added).

In short, both the "EZ Lynk System" and the "EZ Lynk ECU Profile Editor" are central matters in the Complaint.

The defendants served the government with an amended Rule 30(b)(6) notice on April 10, 2026.[1] As relevant here, topic 4 sought testimony regarding "[t]he capabilities and uses of the EZ

---

[1] The defendants served their original 30(b)(6) notice on February 23, 2025. While reserving all rights, the defendants amended the notice to address the government's concerns about purportedly improper "contention" discovery in the original notice. To the extent the government contends otherwise, there is nothing extraordinary about this, just as

**BAKER BOTTS** LLP

The Honorable Robert Lehrburger                - 2 -                June 22, 2026

Lynk System" and topic 5 sought testimony regarding "[t]he capabilities and uses of the EZ Lynk Profile Editor."

The government responded on May 11, 2026, refusing to produce a witness on either of these central topics, claiming, inter alia, both topics "call[] for information protected by various" privileges and were "contention discovery" which could only "be sought through the use of contention interrogatories at the conclusion of discovery."

### Discussion

"Like any ordinary litigant, the Government must abide by the Federal Rules of Civil Procedure." *Francis v. City of New York*, 262 F.R.D. 280, 282 (S.D.N.Y. 2009). And the government "is not entitled to special consideration concerning the scope of discovery, especially when," as here, "it voluntarily initiates an action." *SEC v. Collins & Aikman*, 256 F.R.D. 403, 414 (S.D.N.Y. 2009); *see also SEC v. Merkin*, 283 F.R.D. 689, 693-94 (S.D. Fla. 2012) ("As a general proposition, government agencies embroiled in litigation are subject to the same discovery as private litigants, regardless of the level of government to which the agency belongs.").

Thus, the defendants are entitled to use the ordinary means of discovery—like Rule 30(b)(6) depositions—against the government and to obtain discovery "relevant to any party's claim or defense and proportional to the needs of the case," Fed. R. Civ. P. 26(b)(1). There can be no question that Topics 4 and 5, the capabilities and uses of EZ Lynk System (referenced over 100 times in the Complaint) and the EZ Lynk ECU Profile Editor, are "relevant" under Rule 26's standard.

Based on their written objections and our meet and confers, we understand that the government's primary objection to these topics is that they are something the government calls improper "contention" discovery, which (according to the government) can be obtained only via "interrogatories at the conclusion of discovery."

But the Federal Rules contain no such requirement. *S.E.C. v. Kramer*, 778 F. Supp. 2d 1320, 1328 (M.D. Fla. 2011) ("Rule 30(b)(6) contains no requirement that [a defendant] first seek by other means of discovery the facts underlying the claim against him."). And in any event, topics 4 and 5 are not "contention discovery," even assuming such discovery cannot be obtained via a Rule 30(b)(6) deposition. The case the government cited in its responses and objections*, Liveperson Inc. v. 24/7 Customer, Inc.*, No. 14 Civ. 1559(RWS), 2015 WL 4597546, at *7 (S.D.N.Y. July 30, 2015), is easily distinguishable. There, the defendant attempted to compel the plaintiff to produce a Rule 30(b)(6) witness to marshal the facts regarding 40 different topics, including "every alleged trade secret," every "instance[] of breach of contract," "facts supporting patent infringement," "facts supporting contention of violation of intellectual property," and more.[2] Here, the defendants are seeking testimony on discrete factual issues about the pieces of

---

there is nothing extraordinary about an examiner re-phrasing a question in a trial or deposition in light of a potential objection, whether or not the objection is well-founded.

[2] *See id.* (explaining the defense sought testimony "(relating to 'every alleged trade secret'), 3 (instances of breach of contract), 8 (facts supporting contention of patent infringement), 9 (facts supporting contention of violation of intellectual property); 10 (facts supporting contention of spyware deployment and system disruption); 11 (facts supporting contention of interference with business relationships), 16 (facts supporting contention of abuse of back-

**BAKER BOTTS** LLP

The Honorable Robert Lehrburger            - 3 -                    June 22, 2026

hardware and software central to the Complaint. We are not asking the government to provide a witness to identify (for example) "every Clean Air Act violation the defendants" allegedly committed or "all facts supporting allegation" X.

Instead, topics 4 and 5 "seek[] only facts" about the capabilities and uses of the EZ Lynk System and ECU Profile Editor. *Alheid v. Target Corp.*, No. 16 Civ. 6980 (PGG) (HBP), 2017 WL 4174929, at *2–3 (S.D.N.Y. Aug. 29, 2017) ("The 30(b)(6) notice does not seek defendants' contentions or their work product. The notice does not seek to have defendants identify the facts that support their contentions, rather it seeks only facts."). As Magistrate Judge Willis recently held in *Trustees of Local 854 Pension Fund v. Barrett*, No. 23-CV-1160 (JHR) (JW), 2024 WL 4026257, at *3–4 (S.D.N.Y. Sept. 3, 2024), "these topics seek a witness to testify to *facts* alleged in the Complaint, these topics are described with sufficient particularity and Plaintiffs must produce a witness to describe them."

Further, as to the government's concerns about privilege and work product, facts about the EZ Lynk System and ECU Profile Editor are not, obviously, "privileged" in and of themselves. Any objections regarding privilege or attorney work-product can be taken up as they ordinarily are, on the record at the deposition itself. *In re OpenAI, Inc., Copyright Infringement Litig.*, No. 25-MD-3143 (SHS) (OTW), 2025 WL 3268785, at *4 (S.D.N.Y. Nov. 24, 2025) ("Because none of the topics appear to explicitly request or implicate privileged communications, OpenAI should raise any privilege objections during the deposition, and the Court can revisit the issue at a later time if necessary."). The government's privilege objection is simply not a basis to preclude testimony on these central topics altogether.

In short, the Court should compel the government to produce a witness on Topics 4 and 5.

Respectfully submitted,

*/s/ Brendan F. Quigley*
William Jeffress
Brendan F. Quigley
Baker Botts L.L.P.

Alex Bourelly
Andrew George
Bourelly George and Brodey PLLC

*Counsel for the Defendants*

---

end systems); 20 (facts supporting contention of intentional manipulation of Liveperson's technology); 21 (facts supporting contention that [24]/7 'abused' its access to Liveperson's systems); 23 (facts supporting contention that [24]/7 engaged in illicit conduct or spying tactics); 26 (facts supporting contention that [24]/7's conduct amounted to hijacking of Liveperson's program), 29 (facts supporting contention of unauthorized use of Liveperson's programs), 36–37 (facts supporting contentions of breach of two agreements at issue in the litigation), and 38 (facts supporting contention of improper copying or hijacking of Liveperson's programs through client websites)").