UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITES STATES OF AMERICA,                          :
                                                   :
                                  Plaintiff,       :        21-CV-1986 (MKV) (RWL)
                                                   :
            - against -                            :
                                                   :               **ORDER**
EZ LYNK SEZC; PRESTIGE WORLDWIDE                   :
SEZC; THOMAS WOOD; and BRADLEY                     :
GINTZ,                                             :
                                                   :
                                  Defendants.      :
------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order addresses the Government's letter motions at Dkts. 118-119 (concerning the "Calvin's Entities"), and Dkts. 120-121 (concerning Prestige).

**Calvin's Entities:**  The Court agrees with Defendants that the Government cannot simply amend its complaint by letter.  But the Court does not agree with Defendants that the Government's "mistake" regarding ownership negates the propriety of seeking information about the Calvin's Entities.  As the Government properly notes, "even if the complaint did not refer to a relationship between Mr. Gintz and the Calvin's Entities or mention the Calvin's Entities at all, information in Defendants' possession, custody, and control regarding Defendants' relationship with retailers who bundled the Auto Agent with delete tunes would be relevant" to what Defendants knew about the sale and use of the product at issue.  (Dkt. 119 at 2-3.)  Accordingly, the Government's motion to compel at Dkts. 118-119 is GRANTED.

**Prestige Discovery:**  Although the parties submit conflicting information about the corporate separateness of EZ Lynk and now non-party Prestige (*compare* Dkt. 120 at 3 *with* Dkt. 135 at 2-3), the information provided by the Government suggests that even if

1

the companies are distinctly separate entities, EZ Lynk has control over some Prestige-related information – e.g., invoices routed to EZ Lynk, order information and payment questions directed to EZ Lynk, and sales records.  But EZ Lynk has not refused to produce any such information in its possession, custody, or control.  And, the Government has not identified what relevant information it would expect to obtain from a separate search of Prestige's files and servers that would not otherwise be available from EZ Lynk.  Further, the requests highlighted by the Government as examples are either impermissible in light of the Court's recent ruling on the Government's request for identification of all EZ Lynk customers (e.g., Rogs 3, 8; RFPs 39, 40); otherwise improper (e.g., Rog 16); or appear to be satisfied, or capable of being satisfied, by information EZ Lynk has provided or will provide through its own data (e.g., Rog 1; RFP 19).  The Government's application at Dkts. 120-121 is therefore DENIED WITHOUT PREJUDICE to renew, depending on the sufficiency of EZ Lynk's production of information.

The Clerk of Court is respectfully directed to terminate the letter motions at Dkts. 118, 119, 120, and 121.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: June 25, 2026
     New York, New York

Copies transmitted this date to all counsel of record.

2