UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITES STATES OF AMERICA,                           :
                                                    :
                              Plaintiff,            :          21-CV-1986 (MKV) (RWL)
                                                    :
              - against -                           :
                                                    :          **ORDER**
EZ LYNK SEZC; PRESTIGE WORLDWIDE                     :
SEZC; THOMAS WOOD; and BRADLEY                       :
GINTZ,                                               :
                                                    :
                              Defendants.            :
------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order addresses the Defendants' application to seal at Dkt. 129, which requests sealing of certain information filed by Plaintiff in connection with its motion to compel certain discovery.  In response, the Government opposes sealing but with a narrow exception or two. (Dkt. 137.) Defendants' application is granted in part and denied in part.

The public has a strong presumptive right to access certain judicial documents, established by the First Amendment, as well as a presumptive right to all judicial documents, established at common law. *Newsday LLC v. County of Nassau*, 730 F.3d 156, 163 (2d Cir. 2013) ("Federal courts employ two related but distinct presumptions in favor of public access to court proceedings and records: a strong form rooted in the First Amendment and a slightly weaker form based in federal common law"); *see also United States v. Amodeo*, 71 F.3d 1044, 1048-49 (2d Cir. 1995) (discussing and analyzing the presumption of access under common law).

Determining whether documents may remain under seal despite the presumption of access entails a three-step analysis. *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020).

1

First, the Court determines whether the document is a "judicial document"; that is, "a filed item that is relevant to the performance of the judicial function and useful in the judicial process." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (internal quotation marks and citation omitted); *see also United States v. Greenwood*, 145 F.4th 248, 254 (2d Cir. 2025) ("The common law right of public access turns on whether the document at issue is a judicial document, to which the common law presumption applies").  Here, the information at issue here consists of exhibits submitted in support of a motion to compel discovery.  The application seeks judicial action, and the exhibits at issue are judicial in nature.

Second, if the document qualifies as "judicial," the Court assesses the weight of the presumption. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) ("Once the court has determined that the documents are judicial documents ... it must determine the weight of that presumption).  "The weight of the presumption is a function of (1) the role of the material ... in the exercise of Article III judicial power and (2) the resultant value of such information to those monitoring the federal courts[.]"  *Bernstein*, 814 F.3d at 142 (internal quotation marks and citation omitted).  Here, the exhibits are support for a motion to compel discovery, not a dispositive motion or some other decision that focuses on the merits of the issues in dispute.  Further, some of the information sought to be redacted is not material to determination of the motion.  As such, the weight of the presumption falls on the lighter end of the scale.

Third, the Court balances competing considerations – for instance, the "danger of impairing law enforcement or judicial efficiency," or "the privacy interests of those resisting disclosure" – against the presumption of access.  *Amodeo*, 71 F.3d at 1050.  Ultimately,

sealing may be afforded if the Court finds that doing so is "essential to preserve higher values and is narrowly tailored to serve that interest." *Bernstein*, 814 F.3d at 144 (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)).  In general, applications to seal should be "carefully and skeptically review[ed] ... to insure that there really is an extraordinary circumstance or compelling need" to seal the documents from public access.  *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994).  Here, Defendants assert privacy and sensitive business information as competing considerations.

The Court will further address the balance of interests with respect to each set of material at issue.

1.      Personal e-mail addresses:  The parties agree that privacy interests of personal e-mail addresses warrants sealing.  The Court agrees, and the application is granted in this respect.

2.      Business e-mail addresses:  Business e-mail addresses are routinely disclosed in litigation, and Defendants have not identified a sufficiently strong competing interest, whether related to privacy or otherwise.  The application is denied in this respect.

3.      Dkt. 118, Ex. A:  Defendants' amended responses to Plaintiff's discovery requests.  Plaintiff contends these discovery responses disclose sensitive business information.  The only information that the Court finds is sufficiently sensitive to outweigh the presumption of public access for the time being are the specific yearly sales figures set forth in response to the first interrogatory.  Those specific figures may be redacted and sealed.  No other portions of the responses may be sealed.

4.      Dkt. 118, Exs. B and C:  These exhibits are emails concerning bits of business information and data from 2016.  The Court finds that the staleness of the

information diminishes the countervailing weight of the nature of the information such that the presumption of public access, even though on the weaker side, is not overcome. *See In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation*, No. 14-MC-2542, 2023 WL 196134, at *4 (S.D.N.Y. Jan. 17, 2023) ("the older the information is, the less appropriate it is to seal that information"); *Alcon Vision, LLC v. Lens.com*, No. 18-CV-0407, 2020 WL 3791865, at *8 (denying sealing, characterizing the information at issue as stale, and explaining that plaintiff "has not explained how the disclosure of information that relates to business strategies that were formulated many years ago would result in any competitive harm"). The application with respect to these exhibits is denied.

The Clerk of Court is respectfully directed to terminate the letter motion at Dkt. 129.

SO ORDERED.

_____

ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: June 25, 2026
New York, New York

Copies transmitted this date to all counsel of record.

4